UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARA WASHINGTON,
*Individually and on behalf of all others similarly situated*,

Plaintiffs,

Case No. 3:26-cv-37

vs.

CARESOURCE MANAGEMENT SERVICES LLC,

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

Defendant.

---

**ORDER: (1) GRANTING PLAINTIFFS' MOTION FOR COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS (Doc. No. 29); (2) CONDITIONALLY APPROVING PLAINTIFFS' NOTICE DOCUMENTS; (3) GRANTING DEFENDANT'S MOTION TO DISMISS COUNT IV OF PLAINTIFFS' SECOND AMENDED COMPLAINT (Doc. No. 30); AND (4) DISMISSING WITH PREJUDICE COUNT IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Plaintiff Cara Washington and Opt-in Plaintiffs Alma Mays, Patrick Stuard and Donna Gallamore (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this case as a collective action against Defendant CareSource Management Services, LLC for its alleged failure to pay employees overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.; the Ohio Minimum Fair Wage Standards Act, Ohio R.C. §§ 4111, *et seq*.; Section 34a of Article II of the Ohio Constitution; and Ohio common law. Doc. No. 28 at PageID 133. Plaintiffs seek court-facilitated notice to the following potential opt-in plaintiffs (the "FLSA Rounding Collective"):

> All hourly Customer Care Specialists (CCSs) who work or worked for Defendant at any time from three years prior to the filing of the Complaint up through and including judgment and who were subject to Defendant's time rounding policy (the FLSA Rounding Collective").

Doc. No. 29 at PageID 157. Plaintiffs filed a motion in support of this notice (Doc. No. 29), Defendant responded (Doc. No. 32), and Plaintiffs replied (Doc. No. 34). Additionally, Defendant filed a motion to dismiss Count IV of the Second Amended Complaint (Doc. No. 30). Plaintiff filed a stipulation of dismissal in which she agreed to dismiss Count IV of her Second Amended Complaint with prejudice. Doc. No. 33. These motions are now ripe for review.

## I. BACKGROUND

Plaintiff is an Ohio resident who previously worked for Defendant as a Customer Care Specialist ("CCS") in Ohio from October 18, 2021 until January 6, 2026. *Id.* at PageID 136. Defendant paid Plaintiff and other CCSs an hourly wage for all credited hours worked. *Id.* at PageID 137.

Opt-in Plaintiffs are three individuals who each worked for Defendant as CCSs and were paid hourly wages. Alma Mays worked for Defendant as a CCS from approximately October 2018 to April 2023. Doc. No. 29-1 at PageID 169. Patrick Stuard worked for Defendant as a CCS from approximately February 2020 to March 2025. *Id.* Donna Gallamore worked for Defendant as a CCS from approximately October 2018 to April 2023. *Id.* at PageID 169–70.

Defendant is an Ohio limited liability company and part of "a national, nonprofit managed care organization serving over 2 million members in 12 states." Doc. No. 28 at PageID 136 (footnote omitted). Defendant provides government-sponsored health insurance plans, including Medicaid, Medicare, and health insurance marketplace options, including Affordable Care Act (ACA)-compliant plans to its members. *Id.* (footnote omitted). Defendant employs CCSs as customer service representatives to handle calls from its members and providers to assist them with questions about plan benefits, coverage, and all related issues. *Id.*

Plaintiffs allege that Defendant failed to properly pay overtime wages to them and the FLSA Rounding Collective for all hours worked, including statutorily mandated overtime for all hours worked over forty hours in a single workweek. *Id.* at PageID 134, 137–39. Specifically, Plaintiffs contend Defendant unlawfully rounded their time to the nearest quarter hour, thus failing to compensate them for time actually worked. *See id.* at PageID 137–45.

## II. STANDARD OF REVIEW

The FLSA mandates that employers pay a federal minimum wage and overtime to certain types of employees. 29 U.S.C. §§ 206(a), 207(a). Employees may sue for alleged violations of those mandates on "behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "Thus—assuming [potential opt-ins] are 'similarly situated'—other employees become parties to an FLSA suit only if they affirmatively choose to do so." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023).

District courts engage in a two-step inquiry to determine whether potential opt-in plaintiffs are similarly situated to Plaintiffs. *See id.* at 1008; *see also Murphy v. Kettering Adventist Healthcare*, No. 3:23-cv-69, 2023 WL 6536893, at *3 (S.D. Ohio Oct. 5, 2023). In *Clark*, the Sixth Circuit maintained this two-step inquiry but established a new standard for step one: determining when to issue notice to potential opt-in plaintiffs. 68 F.4th at 1011. To satisfy step one, plaintiffs "must show a 'strong likelihood' that [potential opt-in plaintiffs] are similarly situated to the plaintiffs themselves." *Id.* Plaintiffs must make a "showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a

preponderance." *Id.* This new standard replaced the more lenient pre-*Clark* standard. *Simpson v. Adena Health Sys.*, No. 2:23-cv-02633, 2024 WL 3418137, at *1–2 (S.D. Ohio July 15, 2024). "If the plaintiffs meet their burden, the [d]istrict [c]ourt will permit them to send notice to other employees advising them of their right to participate in the litigation." *Foley v. Wildcat Invs., LLC*, No. 2:21-cv-5234, 2023 WL 4485571, at *2 (S.D. Ohio July 12, 2023).

At step-two (which occurs after discovery), the Court must decide whether the employees are "in fact similarly situated" to Plaintiffs. *Clark*, 68 F.4th at 1010–11; *Murphy*, 2023 WL 6536893, at *3. If the court decides that Plaintiffs are similarly situated to the opt-ins by a preponderance of the evidence, the opt-ins become parties to the suit and can proceed collectively with Plaintiffs to trial. *Murphy*, 2023 WL 6536893, at *3.

## III. ANALYSIS

### A. Similarly Situated Inquiry

The FLSA does not define "similarly situated." To determine whether potential opt-in plaintiffs are similarly situated, courts consider a variety of factors including: (1) the "factual and employment settings of the individual[] plaintiffs"; (2) "the different defenses to which the plaintiffs may be subject on an individual basis"; (3) "the degree of fairness and procedural impact of certifying the action as a collective action," *O'Brien v. Ed Donnelly Enter.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on different grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) (internal quotations omitted); and (4) "whether the named plaintiff submits affidavits from opt-in plaintiffs[.]" *Gifford v. Northwood Healthcare Grp., LLC*, No. 2:22-cv-4389, 2023 WL 5352509, at *3 (S.D. Ohio Aug. 12, 2023); *Hogan v. Cleveland Ave Rest., Inc.*, 690 F.Supp.3d 759, 776 (S.D. Ohio 2023). No single factor is determinative, and Plaintiffs do not need to show

they are identical to others. *Hogan*, 690 F.Supp.3d at 773, 775–76. Plaintiffs bear the burden of showing the potential plaintiffs are similarly situated. *O'Brien*, 575 F.3d at 584.

Plaintiffs argue that there is substantial evidence that the potential opt-in plaintiffs are "similarly situated" to them because they, like Plaintiffs: (1) performed the same tasks for Defendant; (2) were subject to Defendant's time-rounding policy as well as other policies applicable to CCSs; (3) were classified by Defendant as hourly, non-exempt employees; and (4) relied on the same or substantially similar programs and timekeeping systems. Doc. No. 29-1 at PageID 170–73.

Defendant argues Plaintiffs have not met their burden. Specifically, Defendant alleges: (1) Plaintiffs and potential opt-in plaintiffs cannot demonstrate the existence of a "common and unlawful policy or practice"; (2) Plaintiffs and potential opt-in plaintiffs have different roles and responsibilities; and (3) Defendant is permitted to "round" CCSs time billed to the nearest quarter hour under the FLSA. Doc. No. 32 at PageID 272–75.

Upon careful review, the Court finds that Plaintiffs have carried their burden of showing a "strong likelihood" under these circumstances that they and the FLSA Rounding Collective are similarly situated. *Clark*, 58 F.4th at 1011. In support of their claims, Plaintiffs cite several declarations that tend to show CCSs share(d) the same job; were subject to the same compensation policy; and were subject to the same timekeeping and attendance rules. Doc. No. 32-1 at PageID 286 (Burns Decl.); Doc. No. 32-2 at PageID 288 (Grismer Decl.); Doc. No. 29-4 at PageID 199–200 (Washington Decl.). Moreover, Defendant admits to the existence of a common rounding policy, a common policy requiring preapproval of reporting overtime, and that CCSs share similar duties and are subject to the same timekeeping practices. *See* Doc. 32-1 at PageID 286 (Burns Decl.); Doc. 32-2 at PageID 288 (Grismer Decl.).

Defendant suggests CCSs differ because some receive inbound versus outbound calls; others are members, not providers; and some work remotely, while others work in-person. Doc. No. 32 at PageID 266, 269, 276–78. This misses the mark. "[P]laintiffs do not have to be 'identically situated' to be similarly situated." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017); *see, e.g.*, *Gifford*, 2023 WL 5352509, at *3. Moreover, these variations are less relevant where, as here, there is one unifying policy being challenged. *McElwee v. Bryan Cowdery, Inc.*, No. 2:21-cv-1265, 2023 WL 4423880, at *13 (S.D. Ohio July 10, 2023) (For collective litigation to be inefficient . . . the individualized elements of a plaintiff's claim must overshadow those that are common to all plaintiffs. That is not the case . . . where all claims are unified by a common theory of liability").

**B. Defendant's Discovery Request**

In the alternative, Defendant proposes that the Court order a 90-day discovery period to provide the parties time in which to gather more information as to whether Plaintiffs are, in fact, similarly situated to the potential opt-in plaintiffs. Doc. No. 32 at PageID 275–77. However, the Court need not order discovery before it issues notice. *Clark*, 68 F.4th at 1011 (noting that a district court "*may* promptly initiate discovery relevant to the motion [to issue notice]") (emphasis added). Therefore, control over discovery remains soundly within the purview of the district court. *Murphy*, 2023 WL 6536893, at *7 (citation omitted).

Here, Defendant's discovery proposal would not answer the question it raises. Namely, Defendant argues that four Plaintiffs are too few to show how rounding affected CCSs "as a group." Doc. No. 32 at PageID 274. Yet, Defendant seeks to depose those same Plaintiffs on the merits to permit the Court to rule on the pending motion. *Id.* at PageID 265. Consequently, the Court finds that a period of discovery would serve little purpose.

**C. Content and Scope of the Notice**

1. *Points of Disagreement*

Defendant objects to Plaintiffs' request that Notice be issued through text message. Doc. No. 29-1 at PageID 182; Doc. No. 32 at PageID 282. Plaintiffs note that CCSs complete their work by telephone and the FLSA Rounding Collective may include former employees whose mailing and/or email addresses may be out of date. Doc. No. 32 at PageID 266; Doc. No. 29-4 at PageID 198 (Washington Decl.); Doc. No. 29-5 at PageID 203 (Stuard Decl.). Plaintiffs argue that text message is the most effective way to reach those employees. Doc. No. 34 at PageID 314. Other courts have so found. *See, e.g.*, *Montenegro v. Vaco LLC*, No. 3:23-cv-01265, 2026 WL 1182033, at *14 (M.D. Tenn. Apr. 30, 2026).

For that reason, and because "[c]ourts are afforded broad discretion in determining how notice and consent forms are to be disseminated and returned," *Hogan*, 690 F.Supp.3d at 759, notice by text is proper and appropriate in this context. Accordingly, the Court **AUTHORIZES** Notice to be disseminated to the FLSA Rounding Collective via text message. *Accord Pryke v. First Solar, Inc.*, No. 3:21-cv-681, 2021 WL 5027565, at *3 (N.D. Ohio Oct. 29, 2021) ("District courts in other circuits have authorized service of the FLSA notice by text message as well as by email and ordinary mail") (collecting cases).

Next, Defendant objects to the Notice's language stating, "hourly CCSs who were required to bootup a computer to perform their job duties were subject to an unlawful time rounding policy." *See* Doc. No. 29 at PageID 193 (containing language describing "bootup" in the Notice); Doc. No. 32 at PageID 267 (objecting to the Notice's language about "bootup" because there has been little factual development regarding these claims). However, the Notice describes Plaintiffs' claim as they allege it: the quarter-hour rounding policy, together with Defendant's requirements that CCSs

have their computers booted up by the start of their shifts, but not clock in more than seven minutes early, caused them to lose time. Doc. No. 29-3 at PageID 189–90.

Finally, Defendant objects to Plaintiffs' proposed 90-day opt-in period and requests a 45-to-60-day opt-in period. Doc. No. 32 at PageID 283. Consistent with other cases in this district, the Court finds a 90-day opt-in period appropriate and **DECLINES** to make Defendant's requested change. *Gudger v. CareCore Health, LLC*, No. 3:22-cv-239, 2025 WL 1311274, at *4 (S.D. Ohio May 6, 2025) (approving a 90-day opt-in period).

2. *Points of Agreement*

The Parties agree on three aspects of the Notice. First, Plaintiffs agree to add the following sentence to the Notice: "CareSource believes it did not violate any wage and hour or other law and that it complied with the Fair Labor Standards Act in good faith." Doc. No. 34 at PageID 313. Second, Plaintiffs and Defendant agree that the Notice should include language advising recipients that they may join the action with counsel of their choosing. *Id.* at PageID 314. The Court concurs. *See Canaday v. Anthem Companies*, 9 F.4th 392, 403 (6th Cir. 2021). Accordingly, the Court **ORDERS** Plaintiffs to revise the Notice to include these two pieces of information.

Finally, Plaintiffs request the Court approve a 45-day reminder notice. Doc. No. 29-1 at PageID 184. Defendant indicates that it does not oppose this request in the event that the Court approves notice. Doc. No. 32 at PageID 283 n.7. However, Defendant did not have the opportunity to propose language and form of a reminder notice. Plaintiffs, in their reply brief, ask that the reminder notice be sent by text message and email 45 days into the opt-in period. Doc. No. 34 at PageID 315. Given the fact that Defendant did not have the opportunity to respond to Plaintiffs' proposal, the Court **ORDERS** the parties to attempt to come to an agreement (*i.e.*, to meet and confer) as to the language and the form of the reminder notice. The parties **SHALL**

jointly file thereafter such language within **SEVEN (7) DAYS** of this Order. Alternatively, if the parties are unable to come to an agreement, they **SHALL** each file their respective proposed language within **SEVEN (7) DAYS** of this Order.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for Court-facilitated notice to the FLSA Rounding Collective is **GRANTED**, and Plaintiffs' notice documents are **APPROVED** contingent upon them making the required edits outlined above. This Court **FURTHER ORDERS** as follows:

- Plaintiffs shall make the required edits to the notice and consent forms within **FOURTEEN (14) DAYS** of the date of this Order, and circulate the Revised Notice Documents to Defendant upon completion;
- Defendant shall provide, within **THIRTY (30) DAYS** of the date of this Order, an electronic spreadsheet in Microsoft Excel, or comma-delimited format, a roster of all individuals that fit the definition of Plaintiff's FLSA Rounding Collective, *supra,* at 1, that includes their full names, dates of employment, last known home addresses, personal email addresses, and phone number ("Roster"); and
- Within **FOURTEEN (14) DAYS** of receiving the Roster, Plaintiffs shall send the Revised Notice Documents to the individuals on the Roster by first class mail, email, and text.
- Defendant's motion to dismiss Count IV of Plaintiffs' Second Amended Complaint (Doc. No. 30) is **GRANTED** and Count IV is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

November 12, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge